IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

UNITED STATES OF AMERICA                                                    PLAINTIFF

VS.                                                            NO. 1:07-CR-00126-001-RP

DANNY J. VAN VELKINBURGH                                                    DEFENDANT

## ORDER

This matter comes before the Court on Danny J. Van Velkinburgh's ("Defendant") motion for reduction in term of imprisonment [88] pursuant to 18 U.S.C.§ 3582 (c)(2). The United States ("the government") has responded in opposition to the motion [85], and the Defendant has filed a reply [89]. The Court, having considered the submissions of the parties and relevant case law is now prepared to rule.

### Facts & Procedural Background

On April 30, 2008, Defendant was sentenced for knowingly coercing or enticing a minor to engage in illicit sexual activity in violation of 18 U.S.C. § 2422(b). Defendant used the internet to contact an individual who he believed was an underage female. In fact, the individual who he was having conversations with was an undercover officer.

According to the Sentencing Guidelines, Defendant's base offense level was twenty-eight (28). His Criminal History Category was I. However, his offense level was enhanced by a total of four (4) levels. A two (2) level enhancement was added for "undue influence" pursuant to § 2G1.3(b)(2)(B) and another two (2) level enhancement was added for "use of a computer" pursuant to § 2G1.3(b)(3)(A). As such, Defendant's total offense level was thirty-two (32), which resulted in a sentencing range of 121-151 months. Ultimately, Defendant was sentenced to serve

1

148 months of imprisonment. Defendant appealed, and the Fifth Circuit Court of Appeals affirmed his conviction on August 24, 2009. *United States v. Van Velkinburgh*, 342 F. Appx. 939 (5th Cir. 2009).

On November 1, 2009, approximately two (2) months after Defendant's appeal, Amendment 732 became effective. Amendment 732 amended the commentary to U.S.S.G. § 2G1.3 to provide that the undue influence enhancement "does not apply in a case in which the only 'minor' (as defined in Application Note 1) involved in the offense is an undercover law enforcement officer." U.S.S.G., *Guidelines Manual*, Supp. to App. C. (Nov. 2009). On March 20, 2017,[1] Defendant filed a motion for retroactive application of Amendment 732 pursuant to §18 U.S.C. §3582(c). Defendant argues that the Court should remove the two-point enhancement that was applied under § 2G1.3(b)(2)(B) for "undue influence" because Amendment 732 is a clarifying amendment and therefore should have retroactive effect. For the reasons set forth hereinafter, the Court finds that the motion should be denied.

**Discussion**

Pursuant to 18 U.S.C. § 3582 (c), a "court may not modify a term of imprisonment once it has been imposed" except in limited circumstances. The applicable portion of § 3582 (c)(2) states:

[In] the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, *if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.*

---

[1] The Court notes that Defendant initially filed his memorandum supporting his motion on December 1, 2016 [84]. However, he failed to file his corresponding motion at that time. He later filed the motion on March 14, 2017, but he was required to refile the motion due to counsel's failure to electronically sign the document [86]. The corrected motion was filed on March 20, 2017 [88]. The Court has taken each of these filings into account in reaching its conclusion.

2

18 U.S.C. § 3582 (c)(2)(emphasis added). The aforementioned policy statement is found in 18 U.S.C. §1B1.10, and it states in relevant part: "A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore not authorized under 18 U.S.C. 3582(c)(2) if [n]one of the amendments listed in subsection (d) is applicable to the defendant . . ." 18 U.S.C. §1B1.10 (a)(2)(A). Further, "the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected." 18 U.S.C. §1B1.10 (a)(3)(b)(1). Subsection (d) of §1B1.10 lists the following Amendments:

> Covered Amendments.--Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, 715, 750 (parts A and C only), and 782 (subject to subsection (e)(1)).

18 U.S.C. §1B1.10(d).

Accordingly, construing this interplay between § 3582(c)(2) and U.S.S.G. §1B1.10, the Fifth Circuit has held that "§3582(c)(2) applies *only* to amendments to the Guidelines that operate retroactively, as set forth in the Guidelines policy statement, U.S.S.G. § 1B1.10. " *U.S. v. Drath*, 89 F.3d 216, 218 (5th Cir. 1996) (citations omitted); *U.S. v. Anderson*, 257 F. Appx. 796, 797 (5th Cir. 2007); *U.S. v. Barnum*, 310 F. Appx. 684, 685 (5th Cir. 2009). Therefore, applying the plain language of § 3582(c), a district court is not authorized to reduce a sentence based on Amendment 732 because doing so would be inconsistent with Sentencing Commission Policy. *See* § 1B1.10, comment. (n.1(A)). A review of Fifth Circuit case law as it pertains to the retroactive effect of Amendment 732, reveals only one case, *U.S. v. Hatton*, 546 F. Appx. 336 (5th Cir. 2013). There, the Fifth Circuit affirmed the district court's decision to deny the defendant's resentencing motion because Amendment 732 is not listed in § 1B1.10(d). *Id.*

3

Defendant contends that Amendment 732 does not *lower* the guideline range but rather *clarifies* the proper application of the enhancement, and clarifying amendments do not have to be listed within §1B1.10(d) to be given retroactive effect. This argument is without merit. "Only on *direct appeal*, however, ha[s] [the Fifth Circuit] considered the effect of such a "clarifying" amendment not in effect at the time the offense was committed." *Drath*, 89 F.3d at 217 (emphasis added)(citations omitted). *See United States v. Rodriguez*, 306 F. Appx. 147, 148 (5th Cir. 2009) ("except on direct appeal, a clarifying amendment is not retroactively applied unless the amendment is listed in § 1B1.10[d]"). Relying on this precedent, and given that Defendant's appeal was over and his conviction final at the time Amendment 732 became effective, Defendant's argument must fail.

Defendant is not entitled to resentencing because Amendment 732 is not listed in U.S.S.G. § 1B1.10(d), and clarifying amendments that are not listed in that subsection are only retroactively applicable upon direct review.

Accordingly, it is hereby ORDERED that Defendant's motion for reduction in term of imprisonment [88] is DENIED.

SO ORDERED this 19th day of April, 2017.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI

4